UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR PIRNIK, et al.,

    Petitioners,

v.

ROBERT BOSCH, LLC,

    Respondent.

_____/

Case No. 18-11101
Honorable Victoria A. Roberts

*Related/Underlying Case*:
S.D.N.Y. Case No. 15-07199
Honorable Jesse M. Furman

## ORDER TRANSFERRING PETITION TO ENFORCE SUBPOENA TO THE SOUTHERN DISTRICT OF NEW YORK

Before the Court is a Petition to Enforce Subpoena Served on Respondent Robert Bosch, LLC ("Bosch"). The subpoena was issued in connection with a class action lawsuit pending in the Southern District of New York before the Honorable Jesse M. Furman: *Pirnik, et al. v. Fiat Chrysler Automobiles, N.V., et al.*, Case No. 15-07199.

Federal Rule of Civil Procedure 45(f) grants the Court discretion to "transfer a motion under [Rule 45] to the issuing court if . . . the Court finds exceptional circumstances exist." *Id.*; *see also Williams v. Big Picture Loans LLC*, No. 17-80166, 2018 WL 707605, at *2 (N.D. Cal. Feb. 5, 2018) ("Whether to transfer a subpoena-related motion to the issuing court is committed to the discretion of the court where compliance is required.").

"To determine whether exceptional circumstances exist, 'courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *In re Subpoena of Autoliv Asp, Inc.*, No. 16-51669, 2016 WL 8201043, at *3 (E.D. Mich. Dec. 22, 2016) (quoting *Duck v. United States Sec. & Exch.*

*Comm'n*, 317 F.R.D. 321, 323 (D.D.C. Apr. 19, 2016)).  The Advisory Committee Notes further explain that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45(f) Advisory Comm. Note (2013).  However, "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  *Id.*

The Court finds that exceptional circumstances warrant transferring this petition to the issuing court, the Southern District of New York.  The underlying case and the issues presented in the petition are complex; Judge Furman has resolved several other discovery issues and issues related to those presented in the petition; resolution of the petition requires interpretation of a scheduling order and may affect other discovery related issues; and transfer is warranted to avoid possible disruption of the issuing court's management of its case and a July deadline to complete fact discovery.

These interests outweigh Bosch's interest in obtaining local resolution.  Bosch does not raise any particular interest in local resolution of the petition, but rather only recites Rule 45's default of local resolution where no exceptional circumstances exist.  As Petitioners point out, transfer to the Southern District of New York will not burden Bosch; its lead counsel's law firm, Cleary Gottlieb Steen & Hamilton LLP, is headquartered in New York.

Moreover, as suggested in the Advisory Committee Note to Rule 45(f), the Court consulted with Judge Furman regarding this matter, and he agrees that transfer is appropriate.  *See* Fed. R. Civ. P. 45(f) Advisory Comm. Note (2013) ("Judges in

2

compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.").

Accordingly, the Court **TRANSFERS** the Petition to Enforce Subpoena Served on Respondent Robert Bosch, LLC to the Southern District of New York.

Per Judge Furman's request, the Court **ORDERS** the parties to contact his chambers for a status conference.

Respondent Bosch's Motion for Leave to File a Sur-reply [Doc. 10] is **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2018