USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GARY KOOPMANN, et al., :
:
                      Petitioners, :     18-CV-4065 (JMF)
:
    -v- :     MEMORANDUM OPINION
:     AND ORDER
ROBERT BOSCH, LLC, :
:
                      Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    At the conference held on the record in this matter on May 10, 2018, the Court directed the parties to meet and confer to try to agree on a set of search terms to identify potentially responsive documents from among those that Respondent Robert Bosch LLC produced in *In Re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practice and Products Liability Litigation*, 3:17-MD-2777-EMC (the "FCA MDL"). In a joint letter dated May 21, 2018, the parties report that they "have reached agreement on a set of search terms," but disagree "regarding (1) whether Robert Bosch LLC must review documents that hit on search terms for responsiveness to any requests beyond the three that were the subject of the Petition, and (2) whether Petitioners should share in the expense required for such review." (Docket No. 18, at 1).

    Upon review of the parties' letter and earlier papers, the Court agrees with Petitioners that Respondent should be required to produce documents that hit on the agreed-upon search terms and are responsive to *all* of the requests in the subpoena (with the exception of Requests 1 and 2 and subject to applicable claims of privilege or the like). The Court is persuaded that the vast majority of documents produced in the FCA MDL are relevant to the underlying litigation

here.  Moreover, application of the agreed-upon search terms will presumably cull the relevant universe even further.  Finally, reviewing the hit documents for responsiveness to all of the Requests in the Subpoena will impose little or no additional burden on Respondent, which — as discussed at the May 10, 2018 conference — was the only colorable basis for Respondent's refusal to comply with the Subpoena.  In short, the Court sees no compelling reason to limit disclosure to the three requests that Petitioners agreed to by way of compromise before production was limited to those produced in the FCA MDL.

Second, the Court agrees that, pursuant to Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure, Petitioners should bear some of Respondent's costs of complying with the Subpoena.  *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) (providing that a court ordering compliance with a subpoena over an objection "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance").  Courts have deemed that Rule "to make cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena."  *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, No. 09-CV-3855 (J5)(AYS), 2018 WL 1701944, at *3 (E.D.N.Y. Mar. 31, 2018) (internal quotation marks and brackets omitted)).  The non-party, however, "can be required to bear some or all of the expenses where the equities of the particular case demand it."  *Id.* (internal quotation marks omitted).  To determine the proper allocation of costs, a court should consider "(1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance."  *Id.* (internal quotation marks omitted).  Weighing those considerations here, the Court concludes that Respondent's proposal — that Petitioners bear half

the cost of compliance, up to a maximum of $30,000 — is reasonable.

Accordingly, and for the reasons stated at the May 10, 2018 conference, the Petition to compel is GRANTED in part and DENIED in part. In light of that, the Court sees no reason to keep this matter open. Accordingly, the Clerk of Court is directed to close the case, without prejudice to either party moving to reopen it within the next forty-five days should there be any need for further Court intervention. The Court retains jurisdiction to adjudicate any further disputes over compliance with the Subpoena and this Order.

SO ORDERED.

Dated: May 25, 2018
      New York, New York

_____
JESSE M. FURMAN
United States District Judge